IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| DAVID L. HILLIARD, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CIV-10-1006-D |
| DREW EDMONDSON, *et al.*, | ) ) ) | |
| Defendants. | ) | |

# **O R D E R**

This matter is before the Court for review of the Report and Recommendation of United States Magistrate Judge Bana Roberts issued October 8, 2010, pursuant to 28 U.S.C. § 636(b)(1)(B). Judge Roberts recommends that Plaintiff's motion to proceed *in forma pauperis* be denied and that this action be dismissed without prejudice unless Plaintiff pays the full filing fee within twenty days. This recommendation is based on findings that Plaintiff is subject to filing restrictions under 28 U.S.C. § 1915(g) and he has made no allegation that would avoid the operation of that provision. Plaintiff, who appears *pro se*, has filed a timely objection and a separate document, entitled "Motion to Clarify." The Court must make a *de novo* determination of portions of the Report to which a specific objection is made, and may accept, modify, or reject the recommended decision. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

In both his filings, Plaintiff alleges that Judge Roberts has incorrectly characterized his Complaint as a civil pleading seeking mandamus relief. Plaintiff contends this action should be viewed as a criminal matter because he seeks to remedy constitutional violations committed in his state criminal case. Plaintiff also contends he intended "to couple the § 1331 petition with a habeas action," to which § 1915 does not apply. *See* Objection [Doc. No. 9] at 9. Further, Plaintiff argues that he "has been litigating the issue of the Constitutionality of depriving Petitioner [of] access to

his trial transcript and other exculpatory evidence for the purpose of post-conviction and habeas corpus appeals since 1995," while § 1915(g) was enacted in 1996 as part of the Prison Litigation Reform Act of 1995.

Cognizant of Plaintiff's *pro se* status, the Court has afforded Plaintiff a liberal construction of his pleading, objection, and other filings. Nevertheless, the Court is unpersuaded by Plaintiff's arguments regarding the applicability of § 1915(g). Plaintiff has brought his Complaint against the Oklahoma Attorney General and the Comanche County District Attorney to obtain access to records that Plaintiff believes may provide a basis for post-conviction or habeas relief or that may exonerate him. He does not assert a claim against his custodians alleging that he is being confined in violation of the federal Constitution or laws, as required for relief under 28 U.S.C. § 2254. In fact, Plaintiff's objection to Judge Roberts' recommendation is that she is "continuing to prevent Petitioner from receiving habeas corpus review by keeping the exculpatory evidence out of the petitioner's hands, evidence that **by law** the Petitioner is required to present attached or annexed to his habeas petition in support of his claims." *See* Objection [Doc. No. 9] at 8 (emphasis in original). In other words, this action is directed at obtaining the materials that Plaintiff would need, if at all, for a future habeas action.

For these reasons, the Court concludes this case is neither a criminal matter nor a federal habeas action. Further, the Court notes the court of appeals has held that § 1915(g) is "a procedural rule" that may properly be applied "to prisoner suits dismissed prior to the statute's enactment" in a civil action brought after its enactment. *See Garcia v. Gilbert*, 141 F.3d 1415, 1417 (10th Cir. 1998); *Green Nottingham*, 90 F.3d 415, 420 (10th Cir. 1996).

Therefore, upon *de novo* review of the issues, the Court fully concurs in Judge Roberts' finding that Plaintiff is not entitled to proceed *in forma pauperis* by operation of § 1915(g).

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 7] is ADOPTED. Plaintiff's motion to proceed *in forma pauperis* [Doc. No. 2] is DENIED. Plaintiff shall pay the filing fee for this action in the amount of $350.00 within twenty (20) days from the date of this Order. Failure to make full payment by that date will result in the dismissal of this action without prejudice to refiling.

IT IS FURTHER ORDERED that Plaintiff's Motion to Clarify [Doc. No. 8] is DENIED as moot.

IT IS SO ORDERED this  3rd   day of November, 2010.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE