IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID L. HILLIARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-10-1006-D |
| | ) |
| DREW EDMONDSON, *et al.*, | ) |
| | ) |
| Defendants. | ) |

# **O R D E R**

This matter is before the Court for consideration of Plaintiff's *pro se* "Objection" [Doc. No. 11], to the Order of November 3, 2010. The Court ordered Plaintiff to pay the full $350 filing fee for this civil action because he is barred by 28 U.S.C. § 1915(g) from proceeding *in forma pauperis*. In response to the Order, Plaintiff filed both an appeal and the present Objection, in which he requests relief under Fed. R. Civ. P. 60.

The November 3 Order was not a judgment or final order, and thus, Rule 60 does not apply. Because Plaintiff appears *pro se*, however, the Court liberally construes the Objection as a motion for reconsideration of the Order. So construed, the Court finds the motion should be denied. A motion for reconsideration is an "inappropriate vehicle[] to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). In his current objection, Plaintiff merely reasserts arguments previously made in his objection to the magistrate judge's Report and Recommendation. Plaintiff insists that he intended by this action simply to obtain an answer to a federal question under 28 U.S.C. § 1331 so that he can later bring a federal habeas action to attack a state court criminal conviction. This argument is insufficient to remove this case from the reach of § 1915(g). Regardless how Plaintiff

wishes to characterize his claim, this case is a civil action to which § 1915(g) applies. For reasons previously stated, which remain unchallenged, Plaintiff is not entitled to proceed without prepayment of the filing fee.

IT IS THEREFORE ORDERED that Plaintiff's Objection [Doc. No. 11], construed as a motion to reconsider, is DENIED. Plaintiff's failure to pay the filing fee requires a dismissal of this action without prejudice to refiling. A judgment of dismissal under § 1915(g) shall be entered.

IT IS SO ORDERED this 23rd day of November, 2010.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE